## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

CARMINA PANDO DE MADRID,
    Plaintiff,

      v.              de

FEDERAL BUREAU OF PRISONS,
    Defendant.

**PRISONER**

CASE NO. 3:12-cv-532(VLB)

August 27, 2012

### INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), has filed a complaint *pro se*.  The plaintiff names the Bureau of Prisons as the only defendant.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff asserts that in March 2011, she slipped on a piece of ice in front of an ice machine at FCI Danbury and fractured her right knee.  She claims there was no sign in the area near the ice machine indicating that the floor was wet or slippery.  She seeks monetary compensation, physical therapy and medical treatment for her injury.

Because the plaintiff has named a federal correctional organization as a defendant, the court will construe the complaint as having been filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (section 1983 claim asserted against federal agency and federal officials should be construed as a *Bivens* claim).  In *Bivens*, the Supreme Court held that federal officials may be sued for damages in their individual capacities for the violations of a person's constitutional rights.  Thus, a *Bivens* action is the

nonstatutory federal counterpart of a civil rights action pursuant to 42 U.S.C. § 1983.  *See Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir. 1981).

A lawsuit against a federal official in his official capacity is considered a lawsuit against the United States.  *See Robinson*, 21 F.3d at 509-10.  The doctrine of sovereign immunity protects the United States from suit absent consent.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "Because an action against a federal agency or federal officials in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson*, 21 F.3d at 510 (citations omitted).

Plaintiff seeks monetary damages from the Bureau of Prisons in its official capacity.  The Bureau of Prisons has not consented to be sued in its official capacity.  All claims against the Bureau of Prisons in its official capacity for monetary damages are dismissed on the grounds of sovereign immunity.  *See* 28 U.S.C. § 1915A(b)(2); *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (*Bivens* claim may be brought against "offending individual officer" of Bureau of Prisons, but not against the Bureau of Prisons or the United States).

The plaintiff asserts that the Bureau of Prisons was negligent in failing to put a warning sign near the slippery spot in front of the ice machine.  Inadvertent or negligent conduct which causes injury, however, does not support a *Bivens* action.  *See Schweiker v. Chilicky*, 487 U.S. 412, 447 (1988) ("to prevail in any *Bivens* action, recipients such as respondents must both prove a deliberate abuse of governmental power rather than mere negligence) (citing *Daniels v.*

*Williams*, 474 U.S. 327, 330-36 (1986)); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986) ("Due Process clause of the Fourteenth Amendment is not implicated by lack of due care of an official causing unintended injury to life, liberty or property").  Accordingly, the claim of negligent conduct on the part of the Bureau of Prisons is dismissed as lacking an arguable legal basis.  *See* 28 U.S.C. § 1915A(b)(1).

The court will not construe the complaint as having been filed pursuant to the Federal Tort Claims Act ["FTCA"] because the plaintiff does not assert that she exhausted her administrative remedies prior to filing suit.  The FTCA "waives the sovereign immunity of the federal government for claims based on the negligence of its employees." *Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir. 2000).  Specifically, the Federal Tort Claims Act authorizes suits against the government to recover damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(2).  The proper defendant in an FTCA claim is the United States.

An FTCA claim against the United States may not be asserted in the United States District Court unless the plaintiff has first exhausted his or her administrative remedies.   Specifically, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. 2675(a).

The FTCA also includes limitations periods for filing a claim and for filing a lawsuit in federal court.  An FTCA claim is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues.  *See* 28 U.S.C. § 2401(b).  Any lawsuit in federal court asserting an FTCA claim must be commenced within six months of either the final agency denial of the claim or the expiration of six months after the presentation of the claim, whichever comes first.  Failure to timely and completely exhaust administrative remedies prior to filing a complaint operates as a jurisdictional bar to proceeding in federal court.  *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993) ("FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies");   *Johnson v. The Smithsonian Institution*, 189 F.3d 180, 189 (2d Cir. 1999) (a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim, unless the plaintiff complies with requirement set forth in 28 U.S.C. § 2401(b) that the claim be submitted in writing

to appropriate Federal agency within two years after accrual of claim) (citations omitted).  The plaintiff bears the burden of pleading and proving compliance with section 2401(b).  *See id.*

The plaintiff concedes that she did not exhaust any administrative remedies prior to filing her complaint.  Because the plaintiff has not exhausted her administrative remedies prior to filing this lawsuit, the court has no subject matter jurisdiction over any FTCA claim that might be asserted by the plaintiff.  *See Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004) (failure to exhaust administrative remedies is a jurisdictional bar to FTCA claims).

### ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)    The *Bivens* claims against defendant United States Bureau of Prisons are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and (2).  The court does not construe the complaint as having been filed pursuant to the FTCA because the plaintiff concedes that she did not exhaust administrative remedies prior to filing the complaint.  If the plaintiff seeks to assert a claim under the FTCA against the Bureau of Prisons, she may exhaust her remedies pursuant to 28 U.S.C. § 2401(b) and then file a new complaint against the United States.[1]

---

[1]    As indicated above, an FTCA claim must be filed with the relevant Federal agency within two years of the date on which the claim accrued or it will be barred from review.  See 28 U.S.C. § 2401(b).   Here, the plaintiff stated that she slipped and fell due to the negligence of the Bureau of Prisons on or about March 23, 2011.

Thus, the dismissal of this action is without prejudice to the plaintiff's filing a new action under the FTCA after she has exhausted her administrative remedies.

(2) If the plaintiff chooses to appeal this decision, she may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Hartford, Connecticut this 27th day of August, 2012.

s/Vanessa L. Bryant

_____
**VANESSA L. BRYANT**
**UNITED STATES DISTRICT JUDGE**